IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISAL SAN,<br><br>          Plaintiff,<br><br>     v.<br><br>DANIEL THOR, M.D., et al.,<br><br>          Defendants.<br>_____ | No. C 07-5048 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

On October 1, 2007, plaintiff, a California prisoner incarcerated at the California Men's Colony in San Luis Obispo, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

1  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
2  Constitution or laws of the United States was violated, and (2) that the alleged violation was
3  committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
4  48 (1988).

B.  Background

Plaintiff alleges the following:  On January 21, 2001, at which time plaintiff was incarcerated at Salinas Valley State Prison ("SVSP"), he was injured during a football game. Plaintiff was examined by defendant Dr. Lucine, who diagnosed plaintiff as having a fractured collarbone.  Dr. Lucine wrapped plaintiff's shoulder in a bandage and prescribed Ibuprofen for pain.  The next day plaintiff was in excruciating pain; he was seen by defendant Dr. Posner, who noted plaintiff had been improperly bandaged.  Dr. Posner ordered the bandage removed and prescribed Tylenol for pain.  On February 6, 2001, plaintiff returned to the clinic in extreme pain.  He was seen by defendant Dr. Thor, who ordered x-rays and wrote chronos ordering that plaintiff be excused from his work duties for six weeks and be allowed to wear a makeshift harness to support his shoulder.  On February 9, 2001, plaintiff's x-rays were reviewed by Dr. Kowalski, who diagnosed plaintiff as having a "badly fractured middle third clavicle."  (Compl. at 8.)

On September 28, 2001, after exhausting administrative remedies, plaintiff filed a civil action in the Monterey County Superior Court ("Superior Court"), alleging professional negligence, specifically, medical malpractice, by Drs. Lucine, Thor and Posner in treating plaintiff's injury.  (Compl. at 8-9 & Ex. "Personal Injury Complaint.")  On September 5, 2007, the Superior Court granted defendants' motion for summary judgment, finding plaintiff had failed to raise a triable issue of material fact with respect to whether defendants acted negligently.  Additionally, the Superior Court, noting that plaintiff had not pled an Eighth Amendment violation in his complaint, rejected plaintiff's argument that defendants' negligent conduct amounted to deliberate indifference in violation of plaintiff's Eighth Amendment rights.  (Compl. at 9 & Ex. "Ruling" at 1-2.)

On October 1, 2007, plaintiff filed the instant action, in which he claims (1) the

2

Superior Court abused its discretion when it granted defendants' motion for summary judgment, as plaintiff did not have counsel and could not have been expected to present medical testimony in opposition to the motion for summary judgment, and (2) Drs. Lucine, Thor and Posner acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff seeks injunctive relief in the form of proper medical diagnosis and treatment, and monetary damages.

C.   Plaintiff's Claims

　　1.   Review of Superior Court's Decision

Plaintiff alleges the Superior Court wrongly granted summary judgment in favor of defendants in plaintiff's civil action in state court. Such allegation, however, does not state a cognizable claim for relief under 42 U.S.C. § 1983, as a federal district court is a court of original jurisdiction and does not have subject matter jurisdiction to review state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). To the extent plaintiff is attempting to challenge the Superior Court's decision, his recourse is an appeal in state court. Accordingly, plaintiff's claim will be dismissed with prejudice.

　　2.   Eighth Amendment Claim

Plaintiff alleges Drs. Lucine, Thor and Posner violated his constitutional rights when they intentionally failed to provide him with adequate medical care, resulting in plaintiff's suffering further injury. Such allegations, when liberally construed, state a cognizable claim for relief under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding deliberate indifference to serious medical needs violates Eighth Amendment's proscription against cruel and unusual punishment). Plaintiff's claim cannot go forward, however, because it is precluded by the state court judgment in plaintiff's prior action.

A federal district court may examine the preclusive effect of a prior judgment sua sponte. McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986). The doctrine of res judicata, or claim preclusion, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties [ ] on the same cause of

3

1  action." Id. at 1033 (quotation, ellipsis, and citation omitted.)

2  Under the Federal Full Faith and Credit Statute, see 28 U.S.C. § 1738, "a federal court 3 must give to a state-court judgment the same preclusive effect as would be given that 4 judgment under the law of the State in which the judgment was rendered." Migra v. Warren 5 City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). A civil rights claim brought under 6 42 U.S.C. § 1983 in federal court is subject to the preclusive effect of a prior state court 7 judgment. Id. at 84. Consequently, in accord with California law, a § 1983 cause of action 8 may be dismissed as barred by res judicata if a prior California state court judgment 9 constituted a valid judgment on the merits in favor of a defendant on the same cause of 10 action. See Takahashi v. Bd. of Trustees, 783 F.2d 848, 850-51 (9th Cir. 1986). To 11 determine the scope of causes of action, California courts employ the "primary right theory." 12 Id. at 851. Under such theory, "the violation of one primary right gives rise to a single cause 13 of action." Id. (quotation and citation omitted.) In determining the primary right at stake, the 14 significant factor is the harm suffered. Id. Asserting a new legal theory for recovery in a 15 subsequent action does not give rise to a new cause of action; "[e]ven where there are 16 multiple legal theories upon which recovery might be predicated, one injury gives rise to 17 only one claim of relief." Id. (quotation and citation omitted.)

18  The state court records attached to the complaint in the instant action show that the 19 complaint is barred by res judicata. In state court, plaintiff sued the same defendants, Drs. 20 Lucine, Thor and Posner, on the same facts as he does here, and sought recovery for the same 21 alleged inadequate medical care. (See Compl. Ex. "Personal Injury Complaint" at 5-10.) 22 Although plaintiff did not plead an Eighth Amendment claim in his state court complaint, 23 plaintiff's Eighth Amendment claim herein is premised on a violation of the same primary 24 right that was at stake in plaintiff's state medical malpractice claim, specifically, the violation 25 of plaintiff's right to receive proper medical care from defendants. Consequently, plaintiff 26 cannot avoid the bar of claim preclusion merely by pleading a new legal theory. See 27 Takahashi, 783 F.2d at 851 (finding plaintiff's § 1983 claim barred by res judicata where 28 state law claim decided in prior state court action alleged violation of same primary right).

4

In sum, the complaint and documents attached thereto show plaintiff previously sued Drs. Lucine, Thor and Posner in state court on the same cause of action as he does in the instant complaint, and the state court made a final determination on the merits in defendants' favor. The doctrine of res judicata thus precludes plaintiff from challenging, even on a new legal theory, the medical care on which he predicated his complaint in the earlier case. Accordingly, the complaint herein will be dismissed as barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED with prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 8, 2008

_____
MAXINE M. CHESNEY
United States District Judge